Jaime Arnoldo ALVARADO–
GOMEZ, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–70795.

INS No. A70–967–875.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 21, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Jaime Arnoldo Alvarado–Gomez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an Immigration Judge's denial of his application for asylum and withholding of deportation. Because the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") apply, *Kalaw v. INS*, 133 F.3d 1147, 1149–50 (9th Cir.1997), we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We deny the petition for review.

We review for substantial evidence the BIA's determination that Alvarado–Gomez has not established eligibility for asylum, and must uphold the BIA's decision unless the evidence compels a contrary result. *Cruz–Navarro v. INS*, 232 F.3d 1024, 1028 (9th Cir.2000).

Substantial evidence supports the BIA's conclusion that any past persecution Alvarado–Gomez experienced was due solely to his employment in the Civil Patrol, which is not a basis for asylum. *Cruz–Navarro*, 232 F.3d at 1029 ("Persecution occurring because a person is a current member of a police force or military ... is not *on account of* one of the grounds enumerated in the Act.") (quotations omitted); *Chanco v. INS*, 82 F.3d 298, 302–03 (9th Cir.1996) (same).

Substantial evidence also supports the BIA's conclusion that Alvarado–Gomez did not have a well-founded fear of future persecution on account of an enumerated ground. Although reprisals against Alvardo–Gomez because of his past membership in the Civil Patrol could provide a basis for granting asylum, Alvarado–Gomez failed to

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

show that he may be singled out for attack because of his experience in the Civil Patrol. *Chanco,* 82 F.3d at 303. Moreover, Alvarado–Gomez's testimony that he is afraid of returning to Guatemala because "no one is secure" there does not provide a basis for asylum. *Singh v. INS,* 134 F.3d 962, 967 (9th Cir.1998) (holding that "[m]ere generalized lawlessness and violence" is insufficient.).

In failing to qualify for asylum, Alvarado–Gomez necessarily failed to satisfy the more stringent standard for withholding of deportation. *Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

**PETITION DENIED.**